# PARKER & CARMODY, LLP
ATTORNEYS AT LAW
331 MADISON AVENUE
15th FLOOR
NEW YORK, N. Y. 10017



DANIEL S. PARKER
MICHAEL CARMODY
CHRISTINA S. COOPER

TELEPHONE: (212) 239-9777
FACSIMILE: (212) 239-9175

Sept 19, 2012

Hon. Harold Baer
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007



### Norman v. O'Brien
### 1:12-cv-05646-HB

Dear Judge Baer,

      I represent Regina Norman in this pending Habeas Corpus Petition under 28 U.S.C. § 2241. After conferring with AUSA Elizabeth Tulis, the Assistant United States Attorney handling this Petition for the Government in the Southern District of New York, I acknowledge that Court does not have in personam jurisdiction over the Warden of the Hazelton facility where Ms. Norman is confined. See Rumsfeld v. Padilla, 542 U.S. 426, at 2727 (2004) (concurring op. of Justice Kennedy) ("the question of the proper location for habeas petition is best understood as a question of personal jurisdiction or venue."); United States ex rel. Sero v. Preiser, 506 F.2d 1115 (2d Cir. 1974), cert. denied, 421 U.S. 921, 43 L. Ed. 2d 789 (1975), ("jurisdictional grant in § 2241(a) was to be construed as co-extensive with the scope of service of process." Id., at 1128).

      Accordingly, I request that the Court transfer the Petition to the District Court for the Northern District of West Virginia where the Hazelton prison is located. AUSA Tulis does not object to this Court transferring the Petition.

1

A transfer of the Petition is permissible under two statutes. First, 28 USC § 1404 (a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Alternatively, 28 USC § 1631 ("Transfer to cure want of jurisdiction") provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title [28 USCS § 610] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Both statutes seek to advance the interests of justice as well as the convenience of the parties. This Petition seeks emergency relief. If it is dismissed rather than transferred and if new counsel is assigned, there will be considerable delay. New counsel will have to establish an attorney/client relationship with Ms. Norman who has a difficult psychiatric history, prepare a petition and wait for it to be calendared in the West Virginia court. Such delay does not serve the interests of justice that the above statutes were designed to promote.

In <u>Bellomo v. United States</u>, 297 F. Supp. 2d 494, at 503 (E.D.N.Y. 2003), addressing 28 USC § 1404 (a), the court held, "Although a literal reading of the statute may suggest that a transfer may be directed for the convenience of the parties and witnesses and not solely "in the

2

interest of justice" that factor alone may be decisive in a given case even if the convenience of the parties and witnesses may point in a different direction." The court cited Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986); Donald v. Seamans, 427 F. Supp. 32, 33 (E.D. Tenn. 1976) ("where 'the interest of justice' is paramount, and where the comparative convenience of the transferee and transferor forums is not significant, transfer under § 1404(a) is appropriate.").

Furthermore, the nature of Ms. Norman's claims -- incorrect calculation of release date and lack of necessary medical care can be resolved without calling witnesses from outside the Northern District of West Virginia. Transfer to the district therefore promotes "the convenience of the parties and witnesses" under 28 USCS § 1404 (a) as well as the interests of justice. See Flynn v. United States Bureau of Prisons, 1979 U.S. Dist. LEXIS 12264, at *4 (Dis.Ct. N. Dis. Ill) (Transfer was justified because, "Both the petitioner and his custodian are presently located in the Middle District of Pennsylvania. Moreover, petitioner's habeas claims with respect to having served his maximum sentence and with respect to having lost "good time" without due process are primarily claims which can be resolved without evidentiary hearings where witnesses from outside that district will be required.").

I further request that this Court authorize me to continue to represent Ms. Norman pursuant to the Criminal Justice Act in West Virginia, for which I will seek admission pro hoc vice. I have spoken with Brian J. Kornbrath, the Federal Public Defender for the Northern District of West Virginia and Mr. Kornbrath has graciously agreed to sponsor my request for admission in the Northern District of West Virginia and to act as local counsel.

I have spoken with Ms. Norman (via email) and she has asked me to remain as her attorney.

Thank you for your consideration in this matter.

Very truly yours,

Daniel S. Parker

Cc:
AUSA Elziabeth Tulis (by email only)
Ms. Regina Norman

*Mr. Parker is no far as to be allowed by the laws of NOW est Va. to continue as counsel to this matter and as per his request this matter will be transferred to the N.D. of W. est Va. + the Clerk of Court to be so instructed.*

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

9/27/12

4

Endorsement:

    Mr. Parker is so far as allowed by the laws of Northern District of West Virginia to continue as counsel to Mr. Norman as er her request and the matter will be transferred to the ND of West Virginia and the Clerk of Court is so instructed.

Case 1:12-cv-05646-HB   Document 4   Filed 09/28/12   Page 5 of 5